UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL CASE NO: 05-01-DLB

**BETTY FUGATE, et al.,**                                                                 **PLAINTIFFS,**

**V.**

**LOWE'S HOME CENTERS, INC.,**                                                **DEFENDANT**

### MEMORANDUM ORDER

This litigation involves plaintiffs' employment-related claims against Lowe's Home Centers, Inc. Plaintiffs' motion for class certification is currently pending before the presiding district judge.

The parties have had numerous pretrial and discovery disputes which have required the intervention of this court. For example, on May 20, 2005, the court held a telephonic conference on a dispute concerning the scheduled depositions of plaintiffs, and plaintiffs' request for documents prior to those depositions. The court granted plaintiffs' construed oral motion for a protective order to prevent the depositions from going forward as scheduled, but warned plaintiffs to cooperate in promptly rescheduling the depositions.

Shortly after that dispute, plaintiffs and defendant had a second discovery dispute, which also was resolved via a telephonic conference at plaintiffs' request. On June 6, 2005, the court directed plaintiffs to execute a protective order to cover Lowe's compensation guidelines, and directed defendant to fax certain documents to plaintiffs upon receipt of that order.

A third dispute quickly followed concerning plaintiffs' request for an extension of time in which to file their motion for class certification. While noting that "[d]efendant's objections are well-taken and mandate against the lengthy extension sought by plaintiffs," the court nevertheless permitted a shorter

extension, until August 1, "in light of the entry of appearance of new co-counsel and recent exchanges of discovery."

Status reports were due at the conclusion of discovery, on October 28, 2005. In lieu of a status report, plaintiffs moved for an extension of the discovery deadline as well as an extension of the deadline for filing their Rule 26(a) disclosures. Plaintiffs chiefly sought additional time in which to conduct a Rule 30(b)(6) deposition, concerning which the parties had several disputes. Following a third telephonic conference, the court granted plaintiffs' motion for a relatively short extension of the discovery deadline, for the purpose of completing the Rule 30(b)(6) deposition. The court also granted plaintiffs an extension of their deadline to complete their Rule 26(a) disclosures, until January 10, 2006.

Plaintiffs filed some of their Rule 26(a) disclosures on January 10, but simultaneously moved for a further extension of time in which to file their disclosures of expert testimony pursuant to Rule 26(a)(2). Plaintiffs seek an additional sixty days in which to file expert disclosures, through March 13, 2006. As grounds, plaintiffs note that they did not receive voluminous payroll data until December 14, 2005, which data requires expert statistical analysis. Citing the complexity of the data to be analyzed as well as inevitable delays caused by the holidays, plaintiffs argue that their present motion is justified.

Defendants note that in its last telephonic hearing the court refused to grant plaintiffs a blanket extension, ordering plaintiffs to file expert disclosures by January 10, 2006. Lowe's points out that plaintiffs had four weeks in which to complete their statistical analysis, and that plaintiffs failed to contact Lowe's for additional time prior to filing its motion with the court on the day the disclosures were due. Lowe's argues that an extension will be prejudicial to the defendant if granted. Lowe's deadline for

expert disclosures is February 9, 2006, with a dispositive motion deadline of February 10, 2006 (already extended once). The final pretrial conference is scheduled for April 19 with a trial date of May 18, 2006.

The defendant's arguments are not ill-founded, as further extensions threaten to jeopardize the existing trial date and plaintiffs should have been prepared to immediately analyze the data upon receipt on December 14, 2005. Nevertheless, this case has been pending only slightly more than a year, and the plaintiffs' motion for class certification has not yet been decided by the court. Therefore, a brief extension of plaintiffs' expert disclosure deadline should not unduly prejudice the defendant.

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiffs shall complete their Rule 26(a)(2) disclosures no later than **February 13, 2006,** with defendants to complete corresponding disclosures no later than **February 27, 2006**. No further extensions will be granted to plaintiffs absent a strong showing of good cause, supported by appropriate affidavit;

2. The dispositive motion deadline of **February 10, 2006** and final pretrial and trial dates shall stand at this time, with the record to be submitted to the presiding district judge for further review upon entry of this order.

This 22nd day of January 2006.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge